**Adrian D. SCOTT, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 04–CM–332.

District of Columbia Court of Appeals.

Argued April 21, 2006.
Decided May 11, 2006.

Relinda Louisy for appellant.

David Goodhand, Assistant United States Attorney, with whom Kenneth L. Wainstein, United States Attorney, John R. Fisher, Assistant United States Attorney at the time the brief was filed, and Michael Harvey and Leah Belaire, Assistant United States Attorneys, were on the brief, for appellee.

Before SCHWELB, FARRELL, and RUIZ, Associate Judges.

PER CURIAM:

Following a bench trial, appellant was found guilty of destruction of property. His main argument on appeal—and the only one requiring brief discussion—is that the trial judge failed adequately to inquire into a claim by prospective defense witness Stephanie Darden that a police detective, in a conversation outside the courtroom, had improperly threatened her about the consequences of testifying to a particular version of the facts at trial. Although we are not satisfied that the judge correctly resolved whether the detective had indeed acted improperly, we conclude—contrary to appellant's argument—that no remand for further inquiry is necessary, because appellant was not prejudiced by the incident in any event.

There is no dispute that when defense counsel broached the issue of the detective's conduct, the judge took the important first step of questioning Ms. Darden (outside the jury's presence) about what the detective had said to her. Rather than also question the detective about the incident, however, the judge—appar-

ently accepting Darden's version of the conversation, as he understood it—concluded that the detective had done nothing "illegal" in his remarks to her; and the judge therefore proceeded with the trial. In our view, the detective's statements, as described by Darden, cannot be characterized so benignly. As the government agreed at oral argument in this court, a fair reading of her account is that the detective warned her that if she testified before the jury in a certain manner, he would—besides having her "stepped back"—appear in court and testify that she had told him a different version, one more inculpatory of appellant, when in fact she had told him no such thing, according to Darden.

If the conversation actually took place as Darden described, the impropriety in such a threat by the detective would be obvious, quite beyond the general principle that it is not the responsibility of law enforcement officers to warn prospective defense witnesses, at least directly and in the courthouse setting, of the potential consequences of "perjured" testimony.[1] The government disputes that Darden's version of her conversation with the detective is accurate, but the judge made no factual finding on that point, as, indeed, he could not practically do without also questioning the detective (and possibly others who may have overheard the conversation) about the incident. Were it necessary, therefore, we would not hesitate to remand the record for further inquiry into just what had happened.

That, however, is not necessary on this record. Although Darden in fact did not take the stand before the jury, defense counsel never proffered to the judge his reason for not calling her, nor in any way suggested that she would have testified for the defense *but for* her intimidation by the detective. Without such a claim, it is every bit as reasonable to suppose that defense counsel merely concluded that Darden's testimony would not, after all, be helpful to the defense. *See generally United States v. Valenzuela–Bernal*, 458 U.S. 858, 867–71, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982) (no violation of defendant's right to compulsory process of witnesses absent showing that alleged violation deprived him of testimony both material and favorable to defense).[2] Equally important, the trial judge—as finder of fact—found appellant guilty based almost entirely on the testimony of eyewitness Diana Childs, who had seen appellant smash out the windows of her car and whose testimony appellant has not suggested could have been impeached by any testimony Darden was prepared to offer. In these circumstances, we conclude that any error by the judge in not exploring further the propriety of the detective's conduct did not affect appellant's substantial rights, *see* D.C.Code § 11–721(e) (2001), and thus provides no basis for reversal.[3]

*Affirmed.*

**1.** *See generally Brown v. United States,* 864 A.2d 996, 1003–04 (D.C.2005) (noting that challenged statements by prosecutor regarding defense witness's possible exposure to prosecution "were [not] made to the witness herself, but only to counsel and the court"); *Reese v. United States,* 467 A.2d 152, 155 (D.C.1983) (citations omitted); *United States*

*v. Blackwell,* 224 U.S.App. D.C. 350, 359, 694 F.2d 1325, 1334 (1982).

**2.** Indeed, Darden had been subpoenaed as a witness both by the government and by the defense.

**3.** The evidence was fully sufficient to convict appellant of misdemeanor destruction of

property.  *See, e.g., Sterling v. United States,* 691 A.2d 126, 132 (D.C.1997).  Nor did the trial judge abuse his discretion by admitting into evidence photographs and videotaped footage taken after trial began depicting the conditions in which Childs had watched appellant engage in the destruction, or by denying appellant a further opportunity to prepare his challenge to that evidence.